UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ANTONIO TAYLOR, | : | Case No. 1:22-cv-445 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Stephanie K. Bowman |
| RON ERDOS, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Institution, initiated this action by submitting a complaint without paying the filing fee or filing a motion for leave to proceed *in forma pauperis*. (Doc. 1). On August 8, 2022, the undersigned issued a Deficiency Order, requiring plaintiff to pay the $402 filing fee or to submit to the Court an *in forma pauperis* application and certified copy of his trust fund account statement. (Doc. 2). The Deficiency Order further required plaintiff to submit a completed summons and United States Marshal form for each defendant named in this lawsuit. (*Id.*).

On August 18, 2022, plaintiff partially complied with the Court's Order by submitting a certified copy of his prisoner trust fund account statement. (Doc. 3). However, plaintiff did not provide an *in forma pauperis* application, summons forms, or United States Marshal forms for each of the defendants named in this lawsuit.

On September 7, 2022, plaintiff filed a document that the Court understood to be a motion for extension of time. (Doc. 4). Plaintiff's motion (Doc. 4) was **GRANTED** to the extent that plaintiff was ordered to pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court an *in forma pauperis* application within twenty-one (21) days of the date of

the Order. Plaintiff was also ordered to submit a completed summons and United States Marshal form for each defendant named in this lawsuit within twenty-one (21) days of the date of the Order.

To date, more than twenty-one (21) days after the Court's September 7, 2022 Order, plaintiff has failed to comply with the Court's Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's May 19, 2022 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

    **IT IS SO RECOMMENDED.**


January 17, 2023                                            *s/Stephanie K. Bowman*
                                                                              STEPHANIE K. BOWMAN
                                                                              United States Magistrate Judge